IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EZZAT ELSAYED,

    Plaintiff,

    v.

NATIONAL CREDIT SYSTEMS, INC.,

    Defendant.

:
:
:
:

Case No. 3:19-cv-214

JUDGE WALTER H. RICE

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO SERVE ANSWERS TO DISCOVERY AND REQUEST FOR CONTINUANCE OF ALL DEADLINES (DOC. #9) AND OVERRULING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT (DOC.#11); FURTHER SCHEDULING CONFERENCE WILL BE SET BY SEPARATE ENTRY

Before this Court is a Motion to Serve Answers to Discovery and Request for Continuance of all Deadlines ("Motion to Serve Answers"), Doc. #9, filed by Plaintiff, Ezzat Elsayed ("Plaintiff" or "Elsayed"). In response to this motion, Defendant, National Credit Systems, Inc. ("NCS" or "Defendant"), has filed a Motion to Strike Plaintiff's Affidavit, Doc. #11, ("Motion to Strike").

These motions are now ripe for consideration.

I.    **Procedural Background**

On July 18, 2019, Elsayed filed his Complaint alleging violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Ohio Consumer

Sales Practices Act, O.R.C. § 1345.01, et seq., and the Telephone Consumer Practices Act, 47 U.S.C. § 227, et seq. Doc. #1.  An Answer was filed and on October 29, 2019, NCS served Plaintiff's counsel, by email and regular mail, Defendant's First Set of Interrogatories pursuant to Fed. R. Civ. Proc. 33, Requests for Production of Documents pursuant to Fed. R. Civ. Proc. 34 and Requests for Admissions pursuant to Fed. R. Civ. Proc. 36, (collectively "the Discovery").

On February 7, 2020, counsel for NCS sent an email to Plaintiff's counsel, advising that the Discovery had been "served some time ago" and that although the request for admissions were deemed admitted, NCS "would like to have the document responses soon." Doc. 8-3, PAGEID#71.[1]  Although Defendant received no response to its request for documents, it did not file a motion to compel pursuant to Fed. R. Civ. P. 37(B).

 On May 22, 2020, a Notice of Substitution of Counsel was filed and new counsel entered an appearance on behalf of Plaintiff.  Doc. #7.

On June 16, 2020, Defendant filed a Motion for Summary Judgment, including as exhibits an affidavit of the vice-president of operations of NCS, the unanswered Discovery and the email sent to Plaintiff's former counsel regarding the document production request and request for admissions. Docs. ##8, 8-2 and 8-3.  Plaintiff filed a response opposing Defendant's motion for summary

---

[1] As noted above, Defendant only made an informal request for responses to the document production request.  No mention was made by Defendant's counsel regarding the interrogatories.

judgment and attached an affidavit of Elsayed. Doc. #10-1. The affidavit stated, among other things, that (1) he lived in the apartment for eleven years and left it in a reasonably clean condition; (2) he never received any itemization from Defendant regarding the amount of the debt, who the creditor was or any information telling him that he could dispute the debt in writing; (3) he began receiving telephone calls from a creditor in the Spring of 2018 stating that the owed a debt; (4) he told the company that he did not owe any money to the company and to stop calling; and (5) despite his request that he not be called about this alleged debt, the debt collector company continued to call him. Doc. #10-1, PAGEID#88. Plaintiff also stated in his affidavit that until Defendant filed its Motion for Summary Judgment, Doc. #8, he was not provided any of the "discovery questions." *Id*.

Plaintiff's Motion to Serve, Doc. #9, seeks to extend all deadlines and to set a new trial date. It also seeks an order permitting him to file responses to Defendant's request for admissions, interrogatories and request for production of documents. Defendant argues that it would be prejudiced by this late response to discovery and requests that Plaintiff's affidavit be stricken.

## II. Defendant's Motion to Strike, Doc. #11, and Plaintiff's Motion to Serve Answers, Doc. #9

### 1. Defendant's Motion to Strike, Doc. #11

In support of its Motion to Strike, NCS first argues that the entire affidavit of Plaintiff must be stricken due to Plaintiff's failure to respond to Defendant's interrogatories, Doc. #16, PAGEID#145.  It contends that "Plaintiff's affidavit addresses the same topics as NCS's unanswered discovery requests" and that Plaintiff's affidavit is an "improper attempt to avoid discovery" by introducing evidence after the close of the discovery period. Doc. #16, PAGEID#145-146. Defendant cites no legal authority for this argument. As noted above, Defendant chose not to file a motion, pursuant to Fed. R. Civ. P. 37(B), to compel answers to the interrogatories and/or request for production of documents.

As stated in this Court's General Order No. (Dayton) 12-01, counsel are encouraged to act promptly to resolve discovery disputes by requesting "a discovery conference with the Court in lieu of immediately filing a motion for protective order or to compel. If the case has been referred to a magistrate judge for pretrial management, the request must be made to that magistrate judge. *See* S. D. Ohio Civ. R. 37.1"[2]  Here, Defendant's failure to act promptly to enforce its

---

[2]37.1 Consultation Among Counsel; Informal Discovery Dispute Conference

Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences. After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37, any party

4

right to receive responses to interrogatories and request for production of documents, although perhaps not a waiver, is nearly as troublesome as Plaintiff's failure to respond to the Discovery.  Plaintiff, however, offers an explanation, that will be discussed below, for its failure to respond to the discovery. NCS offers no such justification for not availing itself of its remedies.  Having failed to act, NCS cannot now be heard to complain that the affidavit contains information that was requested in its interrogatories but never answered by Plaintiff.

      Defendant next argues that "Plaintiff's Affidavit does not state that it is based on personal knowledge. For this reason alone, Plaintiff's affidavit should be stricken." Doc. # 16, PAGEID#146. "With regard to affidavits, Rule 56(e) requires that affidavits submitted in support of, or in opposition to, motions for summary judgment include facts based on personal knowledge, and that personal knowledge 'must be evident from the affidavit.'" *Johnson v. Washington County Career Center*, 982 Fed. Supp.2d 779, 787 (S.D. Ohio 2013) (Marbley, J.) (citing *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F.Supp.2d 948, 956 (S.D. Ohio 2000) (Rice, J.)).  Plaintiff's affidavit, although not stating in an introductory paragraph that the statements are based on personal knowledge, nevertheless, demonstrates that he has personal knowledge of each event described in the affidavit.  Because the personal knowledge of Elsayed as to the events described

---

may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case.

in his affidavit is evident from the statements made therein, the Court finds that Plaintiff's affidavit cannot be stricken for lack of personal knowledge.

Defendant's final argument in its Motion to Strike is that paragraph 7 and 8 of Plaintiff's Affidavit contains inadmissible hearsay. These paragraphs read as follows:

> 7. I began receiving phone calls from a creditor in Spring of 2018 stating that I owed a debt.
>
> 8. I stated to the caller that I did not owe money to the company.

Doc. # 10-1, PAGEID#88.

Hearsay in an affidavit, absent an exception, cannot be considered on a motion for summary judgment. *Bluegrass Dutch Trust Morehead, LLC v. Rowan County Fiscal Court*, 734 Fed. Appx 322, 327 (6th Cir. 2018), citing *Daily Press, Inc. v United Press Int'l*, 412 F.2d 126, 133 (6th Cir. 1969); see also *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994). The out of court statement in paragraph 7 is allegedly from a creditor, in the Spring of 2018, telephoning Elsayed and saying to him "that I owed a debt." In Paragraph 8, the out of court statement consists of Plaintiff allegedly stating "to the caller that I did not owe money." Plaintiff argues that these out of court statements are not hearsay because they are not being offered "to prove the truth of the matter asserted," i.e., that Elsayed did or did not owe a debt. Fed. R. Evid. 801(C). The statements are, instead, being offered by Plaintiff to show that Defendant, as the "creditor," was making telephone calls to

6

Plaintiff in the spring of 2018 asserting that a debt was owed and that Elsayed had denied owing anything to the creditor.

The Court agrees that the out of court statements in paragraphs 7 and 8 are not being offered to prove the truth of the matter asserted and are not hearsay. Accordingly, Defendant's Motion to Strike, Doc. # 11, is overruled.

### 2. Defendant's Motion to Serve Answers, Doc. #9

Plaintiff's Motion to Serve Answers requests an order permitting Plaintiff to serve responses to the interrogatories, requests for production of documents and requests for admissions. Doc. #9, PAGEID#73.  Elsayed 's new counsel contends it was not until NCS filed its Motion for Summary Judgment that she learned that discovery sent to Plaintiff's former attorney was unanswered and "was possibly not received." *Id.*, PAGEID#74.  Plaintiff further asserts that he should be permitted to file responses to the discovery since (1) no notice of service was filed with the Court; (2) Plaintiff's prior counsel may not have received Defendant's discovery requests; and (3) the Motion for Summary Judgment was filed "late" since it was beyond the deadline in the amended Rule 26(f) report.[3] *Id.*, PAGEID##74-75.  Elsayed states that if the Court grants his Motion to Serve

---

[3] A trial date of September 14, 2020, was orally established during a Preliminary Pretrial Telephone Conference held on October 1, 2019.

Answers, it will be necessary to set new deadlines for discovery and motions along with a new trial date.

The Court has reviewed the arguments of Plaintiff and notes that there is no requirement in the Federal Rules of Civil Procedure, the Court's General Order or its Local Rules for a party to file a "Notice of Service." Moreover, although Elsayed's affidavit asserts that he was not provided "any discovery questions" before Defendant filed its Motion for Summary Judgment, Doc. #10-1. PAGEID#88, NCS was only required to serve Plaintiff's attorney and this was apparently done both by regular mail and email. Finally, there is no merit to Elsayed's contention that the Motion for Summary Judgment was filed "late" and beyond the "deadline" in the amended Rule 26(f) report, since such is not an order that sets enforceable deadlines.

District courts, however, have broad discretion to expand filing deadlines for any reason and a district court's discovery ruling should not be overturned absent an abuse of discretion that results in substantial prejudice. *Mallory v Noble Correctional Institute*, 45 Fed. Appx. 463, 467 (6th Cir. 2002). In accordance with Sixth Circuit practice and as a general rule, this Court prefers to decide cases on the merits after hearing from both parties. *See generally, Hess Corp. v. Precision Powder Coating, Inc.*, 2009 WL 2430888, at *1–2 (N.D. Ohio 2009); *see also, Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009) (Holschuh, J.). Moreover, Rule 36(b) permits the withdrawal or amendment of an admission. As explained in the

Advisory Committee Notes, "[T]his provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."

In this case, there will be no prejudice to NCS by permitting Plaintiff to respond to Defendant's Discovery and by allowing the withdrawal of the admissions. This is particularly so, given that the trial date of September 14, 2020, could not go forward due to the courthouse being closed as a result of the Covid-19 virus. Because Defendant is entitled to full and complete responses to its Discovery, Plaintiff is ordered to provide such full and complete Discovery responses to Defendant within 30 days of the filing of this Decision and Entry. Plaintiff's Motion to Serve, Doc. #9, is sustained.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Serve Answers to Discovery and Request for Continuance of all Deadlines, Doc. #9, is SUSTAINED, and Defendant's Motion to Strike Plaintiff's Affidavit, Doc. #11, is OVERRULED.

A new scheduling conference will be set by separate entry.

Date: October 7, 2020

*Walter H. Rice* (tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE