IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

**EZZAT ELSAYED**                                   Case No.: 19-CV-214

       Plaintiff,                                   Judge Walter H. Rice

v.

**NATIONAL CREDIT SYSTEMS, INC.**

       Defendant.

---

### RULE 26(F) REPORT OF THE PARTIES

---

**1.** Pursuant to Fed. R. Civ. P. 26(f), the parties met on October 28, 2020, via electronic communication. The meeting was attended by:

      Serah E. Siemann, counsel for Plaintiff, Ezzat Elsayed; and

      Boyd W. Gentry, counsel for Defendant, National Credit Systems, Inc.

**2.** The parties:

___ have provided the pre-discovery disclosures required by Rule 26(a)(1), including a medical package (if applicable).

__X__ will exchange such disclosures by November 15, 2020.

____ are exempt from disclosure under Rule 26(a)(1)(B).

**3.** The parties:

____ unanimously consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

___X___ do not unanimously consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

_____ unanimously give contingent consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. 5 636(c), for trial purposes only in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**4.** Recommended cut-off date for filing of motions directed to the pleadings: December 18 2020.

**5.** Recommended cut-off date for filing any motion to amend the pleadings or to add additional

parties: December 1, 2020.

**6.** Recommended discovery plan:

a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

The parties plan to propound written discovery, including admissions, interrogatories and

request for production of documents, and to conduct depositions with respect to all claims

and defenses, and including, but not limited to, liability and damages in this case, the

relationship between Plaintiff and Defendant, disputes, and communications between the

parties. The parties also plan to conduct third party discovery of any person revealed to

have knowledge of a matter in dispute. Defendant has previously provided one set of

discovery requests to Plaintiff.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to interrogatories/requests for admissions and the limitation of ten depositions, each lasting no more than one day consisting of seven hours?

The parties have agreed to adhere to the limits imposed by the Federal Rules of Civil

Procedure and the Local Rules of this Court.

c. Additional recommended limitations on discovery: None.

d. Recommended date for disclosure of lay witnesses. January 15, 2021.

e. Decsribe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

Not applicable.

f. Recommended date for making primary expert designations: February 12, 2020.

g. Recommended date for making rebuttal expert designations: March 5, 2020.

h. The parties have electronically stored information in the following formats: PDF, Word, and may also have audio recordings and/or electronic mail.
The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

The parties do not foresee any issues with ESI, and have agreed to produce any electronically stored information in paper or pdf format. Should it become necessary, the parties have agreed to attempt to confer about a possible ESI plan.

i. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials**:  None.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

   _X_ No

____ Yes

____ Yes, and the parties ask that the Court include their agreement in an order.

j. Recommended discovery cut-off date: April 1, 2021.

**6.** Recommended dispositive motion date: April 30, 2021.

**7**. Recommended date for status conference (if any): No status conference is requested at this time; however, the parties have agreed to request a status conference if necessary.

**8**. Suggestions as to type and timing of efforts at Alternative Dispute Resolution.

The parties have agreed to explore the possibility of mediation, to occur in or about February 2021.

The parties have further agreed to allow Plaintiff and Defendant to appear by telephone in an effort

to reduce the costs associated with physical appearance.

**9.** Recommended date for a final pretrial conference. June  2, 2021.

**15.** Has a settlement demand been made? Yes. A response? Yes, the demand was rejected; a

counteroffer was made and rejected when Plaintiff was previously represented by separate counsel;

Defendant withdrew his previous settlement offer after it went unanswered by prior counsel of

Plaintiff. Plaintiff, through new counsel, submitted an offer on July 10, 2020. That offer was

rejected.

**16.** Other matters pertinent to scheduling or management of this litigation: None.


Respectfully submitted,


  s/ Serah E. Siemann                          s/ Boyd W. Gentry
Serah E. Siemann    (#0088687)        Boyd W. Gentry (#0071057)
Siemann Law Office, Co. LPA             *Via electronic authority*
130 West Second Street, Suite 460      Law Office of Boyd W. Gentry, LLC
Dayton, Ohio 45402                          4031 Colonel Glenn Highway
(937) 496-1450                               First Floor
(937) 496-1450 facsimile                 Dayton, Ohio 45431
ssiemann@siemannlaw.com             937-839-2881
Trial Attorney for Plaintiff               (f) 800-839-5843
                                               Bgentry@boydgentrylaw.com
                                               www.boydgentrylaw.com
                                               Trial Attorney for Defendant

## <u>CERTIFICATE OF FILING AND SERVICE</u>

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Ohio, Western Division by using the CM/ECF system on September 27, 2019. I certify that all participants in the case that are registered CM/ECF users and will receive service through the CM/ECF system.

Date: October 28, 2020.

                     _s/ Serah E. Siemann_____
                     Serah E. Siemann    (Oh. Sup. Ct. #0088687)
                     Siemann Law Office, Co. LPA
                     Trial Attorney for Plaintiff